BNSF RAILWAY COMPANY; et al., Plaintiffs—Appellees,

v.

Delbert W. RAY, Sr., The Honorable, in his Capacity as the Chief and Presiding Judge of the Hualapai Tribal Court in and for the Hualapi Indian Reservation; et al., Defendants,

and

Jeanette Sullivan; et al., Defendants—Appellants.

No. 05–15688.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 13, 2005.

William L. Thorpe, Esq., Fennemore Craig, P.C., Phoenix, AZ, for Plaintiffs–Appellees.

Denis R. Malm, Wachtel, Biehn & Malm, Lake Havasu City, AZ, Douglas F. Martin, Esq., Myers, Pottroff & Ball, P.A., Manhattan, KS, for Defendants–Appellants.

Before: SCHROEDER, Chief Judge, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM **

Jeanette Sullivan, Herbert Sullivan, Jr., and Nicole Sullivan ("the Sullivans"), indi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

vidually and as the survivors of four Native American Indians killed in an accident at a railroad crossing on the Hualapai Reservation, Arizona, appeal the district court's grant in favor of BNSF Railway Company ("BNSF") of a preliminary injunction ordering that the Sullivans halt prosecution of their suit against BNSF relating to the accident in Hualapai Tribal Court, and also that Hualapai Tribal Court halt any such proceedings. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

Our review of a district court's decision regarding preliminary injunctive relief is "limited and deferential," and an order will be reversed only if the district court relied on an erroneous legal premise or abused its discretion. *Southwest Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir.2003) (en banc). Here, the district court correctly identified and applied the legal standards for assessing tribal jurisdiction over the conduct of nonmember BNSF. *See Strate v. Al Contractors,* 520 U.S. 438, 445, 456–457, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997) (explaining that under *Montana v. United States,* 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981), "absent express authorization by federal statute or treaty," tribal jurisdiction does not extend to the activities of nonmembers on non-tribal land except for (1) the activities of nonmembers who enter "consensual relationships" with the Tribe or (2) the nonmember conduct impacts "the political integrity, the economic security, or the health or welfare of the tribe"). Also, the district court did not abuse its discretion by concluding that BNSF demonstrated probable success on the merits of its claim that tribal jurisdiction is lacking because neither of the two *Montana* exceptions applies, and that BNSF was not

required to exhaust tribal court remedies, *see Burlington N. R.R. Co. v. Red Wolf,* 196 F.3d 1059, 1065–66 (9th Cir.2000) (as amended), nor in its consideration of the possibility of irreparable injury, *see Southwest Voter,* 344 F.3d at 917–18.

AFFIRMED.