**BNSF RAILWAY COMPANY et al., Plaintiffs–Appellees,**

v.

**The Honorable Delbert W. RAY, Sr., in his capacity as the Chief and Presiding Judge of the Hualapai Tribal Court; et al., Defendants–Appellants,**

and

**Jeanette Sullivan et al., Defendants.**

No. 07–15076.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2008.*

Filed Oct. 27, 2008.

---

* The panel unanimously finds this case suitable for decision argument. Fed. R.App. P. 34(a)(2).

676

William L. Thorpe, Thomas D. Ulreich-Power, Fennemore Craig, PC, Phoenix, AZ, for Plaintiffs–Appellees.

Susan Mary Williams, I, Esquire, Sarah Suzanne Works, Esquire, Williams & Works PA, Corrales, NM, for Defendants–Appellants.

Denis R. Malm, Esquire, Wachtel, Biehn & Malm, Lake Havasu City, AZ, Douglas F. Martin, Esquire, Myers, Pottroff & Ball, P.A., Manhattan, KS, for Defendants.

Before: THOMAS and GRABER, Circuit Judges, and LARSON,** District Judge.

## MEMORANDUM ***

Defendants Delbert W. Ray, Sr., Chief Judge of the Hualapai Tribal Court, and Jolene Cooney, tribal court clerk, (jointly, "Tribal Defendants") appeal from the district court's order permanently enjoining them from taking any further action in a wrongful death suit filed in tribal court by the decedents of automobile passengers ("Sullivan Defendants") against BNSF Railway Company and two of its employees ("Plaintiffs"). We affirm.

** The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

1. This case is not moot. The permanent injunction against the Tribal Defendants remains in force regardless of the outcome of any litigation between the Sullivan Defendants and Plaintiffs in other courts. Although the Sullivan Defendants and Plaintiffs have informed us that they settled the underlying wrongful death claims in state court, the Tribal Defendants remain unable to act on—even to dismiss—the pending action in tribal court. The Tribal Defendants therefore continue to have a "real interest in the outcome" of this case. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1097–98 (9th Cir.2008).

2. In a previous appeal, we held that the district court did not err in issuing a preliminary injunction. *BNSF Ry. Co. v. Ray*, 138 F. App'x 970, 971 (9th Cir. 2005) (unpublished disposition). We therefore decline to entertain any arguments addressed to that holding. See *Burbank–Glendale–Pasadena Airport Auth. v. City of Los Angeles*, 979 F.2d 1338, 1340 n. 1 (9th Cir.1992) ("Once an order of permanent injunction is entered, the preliminary injunction merges with it and appeal may be had only from the order of permanent injunction."); *see also Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir.2003) (discussing res judicata).

3. This action is permissible under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), because it seeks prospective injunctive relief against the tribal officers acting in their official capacities. See *Big Horn County Elec. Coop., Inc. v. Adams*, 219 F.3d 944, 954 (9th Cir.2000) ("[S]uits for prospective injunctive relief are permissible against tribal

*** This disposition is not appropriate for publication and is not except as provided by 9th Cir. R. 36–3.

officers under the *Ex Parte Young* framework."); *see also BNSF Ry. Co. v. Vaughn,* 509 F.3d 1085, 1091 (9th Cir.2007) ("Issues of tribal sovereign immunity are reviewed de novo."). Because Plaintiffs have alleged an ongoing violation of federal law—the unlawful exercise of tribal court jurisdiction—and seek prospective relief only, tribal sovereign immunity does not bar this action. *See id.* at 1092 ("In determining whether *Ex Parte Young* is applicable to overcome the tribal officials' claim of immunity, the relevant inquiry is only whether [the plaintiff] has alleged an ongoing violation of federal law and seeks prospective relief." (emphasis omitted)).

4. The district court did not abuse its "broad discretion" in imposing limits on discovery. *Laub v. U.S. Dep't of Interior,* 342 F.3d 1080, 1093 (9th Cir.2003). Contrary to the Tribal Defendants' assertion, the district court's discovery orders complied with our guidance in *BNSF Railway Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767 (9th Cir.2003).

■ 5. The district court correctly held that exhaustion of tribal court remedies is not required because it is plain that the tribal courts lack jurisdiction. *See Boozer v. Wilder,* 381 F.3d 931, 934 (9th Cir.2004) (stating that de novo review applies); *Nevada v. Hicks,* 533 U.S. 353, 369, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001) (holding that, when it is plain that the tribal court lacks jurisdiction, a party is not required to exhaust tribal court remedies). We previously held (and the Tribal Defendants do not challenge) that tribal court jurisdiction is proper only if one of the two exceptions set forth in *Montana v. United States,* 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981), applies. *BNSF Ry.,* 138 F. App'x at 971. On appeal, the Tribal Defendants argue only that the second exception applies. In their brief before the district court, however, the Tribal Defendants expressly stated that they "make no submission or arguments regarding the second of *Montana*'s exceptions." We therefore decline to reach the issue. *See United States ex rel. Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters.,* 74 F.3d 972, 976 (9th Cir.1996) ("This argument was not made before the district court and it was therefore waived.").

Even if we were to reach the issue, the district court did not err. *BNR v. Red Wolf,* 196 F.3d 1059 (9th Cir.2000). "To invoke the second *Montana* exception, the impact must be 'demonstrably serious and must imperil the political integrity, the economic security, or the health and welfare of the Tribe.'" *Wilson v. Marchington,* 127 F.3d 805, 815 (9th Cir.1997) (quoting *Brendale v. Confederated Tribes & Bands of the Yakima Indian Nation,* 492 U.S. 408, 431, 109 S.Ct. 2994, 106 L.Ed.2d 343 (1989)). The impacts urged by the Tribal Defendants are not distinguishable from those that we have held insufficient to satisfy the second *Montana* exception. *Red Wolf,* 196 F.3d at 1064–65; *Wilson,* 127 F.3d at 814–15. Further, the Supreme Court has instructed that the presence of an alternate adjudicatory system for the resolution of civil lawsuits involving non-tribal members arising out of accidents on non-tribal land does not affect the political integrity, the economic security, or the health or welfare of the tribe within the meaning of the second *Montana* exception. *Strate v. A–1 Contractors,* 520 U.S. 438, 459, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997). For these reasons, the tribal court plainly lacks jurisdiction in this case, and exhaustion of tribal remedies is not required. *See Ford Motor Co. v. Todecheene,* 488 F.3d 1215 (9th Cir.2007) (order) (noting the prudential requirement of

exhaustion of tribal remedies unless the tribal court "plainly" lacks jurisdiction).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.