**Martha MURGIA, Personal Representative of the Estate of Arlen Manuel Murgia, on behalf of the statutory beneficiaries, Plaintiff–Appellee,**

v.

**REED, Officer; Parson, Officer, Defendants–Appellants.**

No. 08–15618.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed June 30, 2009.

by 9th Cir. R. 36–3.

Gene George Gulinson, The Gulinson Law Office PLLC, Phoenix, AZ, for Plaintiff–Appellee.

Thomas Laurence Murphy, Senior Counsel, Jennifer Kay Giff, Esquire, Gen-

eral Counsel, Gila River Indian Community Pima Maricopa Tribe Law Office, Sacaton, AZ, for Defendants–Appellants.

Before: CANBY and WARDLAW, Circuit Judges, and MILLS,** District Judge.

## MEMORANDUM ***

Officers Scott Reed and Robert Parsons ("Defendants") filed this appeal from the district court's denial of their motion to dismiss for lack of subject matter jurisdiction. Because their motion to dismiss was based on tribal sovereign immunity, we permit this interlocutory appeal. *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1088 (9th Cir.2007); *see also Romero v. Peterson*, 930 F.2d 1502, 1505–06 (10th Cir.1991) (holding that the question of whether defendants were federal or tribal actors was within category of cases that warrant immediate interlocutory appeal).

Martha Murgia's ("Plaintiff") *Bivens* action against Defendants arose out of an altercation in a residence on the Gila River Indian Reservation in Arizona, culminating in the shooting death of Arlen Murgia, a tribal member. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). At the time, Defendants were tribal police officers with the Gila River Indian Community and were responding to a domestic disturbance call at the residence. Defendants moved to dismiss the action pursuant to Fed. R.Civ.P. 12(b)(1), alleging that they were protected by tribal sovereign immunity and were exclusively tribal officers, not federal actors as required under *Bivens*. They characterized this motion as a factual attack on subject matter jurisdiction, thus shifting the burden to Plaintiff to produce evidence in support of her claim that Defendants were federal officers. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004). Plaintiff did not produce any evidence outside of her pleadings and the factual assertions in her response to the motion to dismiss.[1] The district court held that the Defendants were not entitled to sovereign immunity because the complaint named them in their individual capacities. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) (holding that tribal sovereign immunity does not apply in individual-capacity claims).

Sovereign immunity presents a question of law that we review de novo. *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir.2004).

---

** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Plaintiff for the first time on appeal cites factual and legal bases supporting her argument that the Officers were federal actors at the time of the shooting. She argues that regardless of what type of law the Officers were enforcing, they were doing so pursuant to a compact with the Bureau of Indian Affairs that related to law enforcement and funding. This argument was not raised below in response to the 12(b)(1) motion to dismiss, and we decline to entertain the argument on this interlocutory appeal. *See United States v. U.S. Dist. Court*, 384 F.3d 1202, 1204–05 (9th Cir.2004). Plaintiff may, however, raise this argument on remand.

█ The district court erred in concluding that tribal sovereign immunity did not apply solely because the Defendants were sued in their individual capacities. In our circuit, the fact that a tribal officer is sued in his individual capacity does not, without more, establish that he lacks the protection of tribal sovereign immunity. *See, e.g., Hardin v. White Mountain Apache Tribe,* 779 F.2d 476, 479–80 (9th Cir.1985) (despite defendants' being named in their individual capacities, tribal sovereign immunity applied because they were "acting within the scope of their delegated authority"). If the Defendants were acting for the tribe within the scope of their authority, they are immune from Plaintiff's suit regardless of whether the words "individual capacity" appear on the complaint. *Id.* Accordingly, we vacate that portion of the district court's order that denied the Defendants' claim of sovereign immunity, and we remand for further proceedings on that question.

█ This jurisdictional issue, however, is clearly intertwined with the merits of the *Bivens* action; whether the defendants were tribal or federal actors is crucial not only to the issue of sovereign immunity, but also to the *Bivens* claim itself. As the district court recognized, when a factual jurisdictional issue is intertwined with the merits of an action, a Rule 12(b)(1) motion must be converted into a motion for summary judgment. *Meyer,* 373 F.3d at 1040; *see Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.,* 711 F.2d 138, 139 (9th Cir. 1983).

We therefore vacate the district court's order denying the Defendants' motion to dismiss for lack of jurisdiction, and remand this matter to the district court with instructions to treat the motion as one for summary judgment. The district court may then proceed, with such discovery and in such manner as it deems appropriate, to resolve the question whether the Defendants were acting as federal agents or exclusively as tribal agents acting within the scope of their authority when they engaged in the activity that is the subject of the *Bivens* claim, along with any further issues that follow from the resolution of that issue.[2]

**VACATED and REMANDED.**

---

2. The district court also ruled that it had jurisdiction over the *Bivens* claim, and that if the Defendants proved not to be federal officers, that claim would be defeated on the merits, not for lack of jurisdiction. We do not address that issue because it does not depend on the claim of sovereign immunity that authorized this interlocutory appeal. We note, however, that the proceedings we contemplate on remand necessarily will settle this issue as well.