**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEGGITT SAN JUAN CAPISTRANO, INC., a Delaware corporation, d/b/a Meggitt Sensing Systems, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> NIE YONGZHONG, an individual, a.k.a. Bill Nie, a.k.a. William Nie; et al., <br><br> Defendants - Appellants. | No. 13-56843 <br><br> D.C. No. 8:13-cv-00239-DOC-MLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 12, 2014[**]
Pasadena, California

Before: PREGERSON, REINHARDT, and NGUYEN, Circuit Judges.

Nie Yongzhong ("Nie") and Xiamen Niell Electronics Co., Ltd. appeal the

district court's order granting Meggitt San Juan Capistrano's ("Meggitt SJC")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

motion for a preliminary injunction and expedited discovery. We affirm in part and dismiss in part.

1. The district court's finding that Meggitt SJC owned the trade secrets at issue was supported by the declarations offered by Meggitt SJC and the parties' Operations Governance Framework Agreement. The district court therefore properly exercised diversity jurisdiction over the dispute. *See* 28 U.S.C. § 1332(a)(2). Subject matter jurisdiction "refers to a tribunal's power to hear a case" and presents a separate question from whether the California Uniform Trade Secrets Act ("UTSA") applies extraterritorially. *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869, 2877 (2010) (quoting *Union Pac. R.R. Co. v. Brotherhood of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009)) (internal quotation marks omitted). Thus, Appellants miss the mark in contesting the district court's exercise of subject matter jurisdiction based on the extraterritorial reach of the UTSA.

2. Meggitt SJC had standing to request injunctive relief because, as noted above, the district court correctly found that it owned the trade secrets. The fact that those trade secrets were disclosed and treated as proprietary to Meggitt Xiamen does not eliminate Meggitt SJC's standing. As pleaded in its complaint, Meggitt SJC derived independent economic value from the general lack of

2

disclosure of the trade secrets to the public, and also undertook reasonable efforts to maintain the confidentiality of those trade secrets. *See* Cal. Civ. Code § 3426.1(d).

Appellants' remaining standing-related challenges are actually arguments pertaining to Meggitt SJC's likelihood of success on the merits. As such, those arguments have been waived because Appellants failed to file a timely opposition to Meggitt SJC's motion for a preliminary injunction. They are, moreover, unpersuasive. First, Appellants cite no state authority for the proposition that Meggitt SJC should have identified the particular trade secrets *at the pleading stage*. Rather, the authorities on which they rely simply require a plaintiff to identify a trade secret "with reasonable particularity" prior to commencing discovery. *See* Cal. Civ. Proc. Code § 2019.210; *see also Silvaco Data Sys. v. Intel Corp.*, 109 Cal. Rptr. 3d 27, 38 (Cal. Ct. App. 2010). Meggitt SJC has done so. Second, Meggitt SJC adequately alleged that Appellants obtained the trade secrets at issue through unlawful means. *See* Cal. Civ. Code § 3426.1(a). Meggitt SJC contended in its complaint and in its motion for a preliminary injunction that Nie violated his confidentiality agreement with Meggitt Xiamen. Even though Meggitt SJC was not a party to this agreement, Appellants nonetheless acquired the trade

3

secrets at issue via a "breach . . . *of a duty* to maintain secrecy." *Id.* (emphasis added).

3. The forum selection clause contained in Nie's confidentiality agreement with Meggitt Xiamen neither renders venue improper for purposes of 28 U.S.C. § 1406(a), nor provides a basis for transfer under 28 U.S.C. § 1404(a). *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 579 (2013). Meggitt SJC was not a party to the agreement, and thus is not bound by it. Moreover, the paragraph to which the forum selection clause applies does not encompass claims involving alleged misappropriation of trade secrets.

4. Appellants' arguments regarding federal preemption of Meggitt SJC's state and common law claims, and their reliance on *TianRui Group Co. Ltd. v. International Trade Commission*, 661 F.3d 1322 (Fed. Cir. 2011), are misplaced. *TianRui Group* involved a "distinctly federal concern as to which Congress has created a federal remedy" within "a field of special federal concern"—namely, the exclusion of foreign goods pursuant to § 337 of the Tariff Act of 1930 based on a congressional policy of protecting domestic industries from unfair competition. *Id.* at 1327. For that reason, "the case for applying a federal rule of decision [was] particularly strong." *Id.*

In contrast, "issues of trade secret misappropriation are ordinarily matters of state law." *Id.* Indeed, the Supreme Court has observed that "Congress, by its silence over these many years, has seen the wisdom of allowing the States to enforce trade secret protection," and thus "[u]ntil Congress takes affirmative action to the contrary, States should be free to grant protection to trade secrets." *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 493 (1974); *see also Henry Hope X-Ray Prods., Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1339 (9th Cir. 1982) ("Trade secret protection is governed by state law.").[1]

5.     Appellants' arguments regarding the scope and form of the preliminary injunction have been waived. *See Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1215–16 (9th Cir. 2009).

6.     We lack jurisdiction to consider Appellants' arguments regarding expedited discovery. Appellants are not entitled to an interlocutory appeal as a matter of right under 28 U.S.C. § 1292(a). The district court has not certified in an order under 28 U.S.C. § 1292(b) that the issue presented by Appellants involves a "controlling question of law as to which there is substantial ground for difference

---

[1] We decline to address Appellants' state law preemption arguments. The district court specifically noted that the injunctive relief requested by Meggitt SJC was "fully supported by [its] California Uniform Trade Secrets Act claim," and Appellants offer no argument that this decision constituted an abuse of discretion.

5

of opinion." Finally, Appellants cannot rely on pendent appellate jurisdiction, as they fail to explain how the operation of California Civil Procedure Code § 2019.210 is either "inextricably intertwined with, or necessary to ensure meaningful review of" the preliminary injunction at issue on appeal. *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 (9th Cir. 2007). At best, they suggest that § 2019.210 "assists the court and parties in defining the appropriate scope of discovery." Appellants' Opening Br. 15 (quoting *Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012)).

**AFFIRMED IN PART; DISMISSED IN PART.**