NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KERRY BOULTON; et al., | No. 19-15526 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-02384-MCE-AC |
| v. | |
| US TAX LIEN ASSOCIATION, LLC, a Nevada Limited Liability Company; SAEN HIGGINS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 13, 2020**
San Francisco, California

Before:  IKUTA and HURWITZ, Circuit Judges, and TAGLE,*** District Judge.

This is a diversity action brought by Kerry Boulton, Ane Marie Lacy, William

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

Gamba, Luca Angelucci, and Jeremy Andrews (collectively, "Plaintiffs") against US Tax Lien Association, LLC and Saen Higgins (collectively, "USTLA"), alleging tortious misrepresentations. After Plaintiffs and their counsel failed to comply with several discovery and sanctions orders issued by a magistrate judge, the district court accepted the recommendations of the magistrate judge and dismissed the complaint with prejudice, ordering $21,767.50 in sanctions on counsel personally. We have jurisdiction over Plaintiffs' appeal under 28 U.S.C. § 1291 and affirm.

When considering terminating sanctions, we focus on "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (cleaned up). Terminating sanctions must be supported by a finding of willfulness, fault, or bad faith. *See Fjelstad v. Am. Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir. 1985).

The district court did not abuse its discretion in adopting the magistrate judge's recommendations and imposing terminating sanctions. *See Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1052 (9th Cir. 1998) (standard of review). Plaintiffs' prolonged and repeated noncompliance with the magistrate judge's discovery and scheduling orders undermined "the public's interest in expeditious

2

resolution of litigation." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096 (cleaned up). The district court's ability "to manage its dockets" was hampered by the need to address USTLA's repeated motions to compel and for sanctions. *Id.* (cleaned up). USTLA was prejudiced by Plaintiffs' refusal to comply with the district court's discovery orders. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Failure to produce documents as ordered . . . is considered sufficient prejudice."). The magistrate judge also imposed lesser sanctions twice before recommending terminating sanctions, warning Plaintiffs each time that they might face terminating sanctions. And, Plaintiffs' repeated flouting of their discovery obligations showed "willfullness, bad faith, and fault." *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097 ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." (cleaned up)). We also note that Plaintiffs doubly forfeited any argument challenging the magistrate judge's factual findings by failing to object before the district court, *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998), and by not addressing this failure to object on appeal, *see*, *e.g.*, *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 n.3 (9th Cir. 2007).

With respect to monetary sanctions, the orders holding counsel personally responsible were amply supported by the record, including counsel's admissions that he was at fault for failing to comply with discovery orders.

**AFFIRMED.**