**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPRAWLDEF, a public benefit corporation; et al., | No. 19-16278 |
| Petitioners-Appellees, | D.C. No. 4:18-cv-03918-YGR |
| v. | |
| GUIDIVILLE RANCHERIA OF CALIFORNIA, an Indian tribe, | MEMORANDUM* |
| Respondent-Appellant, | |
| and | |
| CITY OF RICHMOND, a California municipality; et al., | |
| Respondents. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted September 17, 2020**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER, W. FLETCHER, and HUNSAKER, Circuit Judges.

The Guidiville Rancheria of California, a federally recognized Indian tribe (the "Tribe"), appeals from the district court's order denying its motion to dismiss based on tribal sovereign immunity. We have appellate jurisdiction under 28 U.S.C. § 1291. *See Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1091 (9th Cir. 2007). We affirm.

This case concerns a dispute over a settlement agreement and stipulated judgment reached between the Tribe and the City of Richmond, California, in prior litigation. The Tribe brought suit against the City in 2012 alleging that the City had breached a Land Disposition Agreement allowing development of a casino on the Richmond coastline at Point Molate. *See Guidiville Rancheria of Cal. v. United States*, 704 F. App'x 655, 657 (9th Cir. 2017). After six years of litigation, the parties entered into a settlement agreement and stipulated judgment. The agreement stated that the district court "shall retain jurisdiction over this Action to enforce the terms of this Judgment."

Soon after the agreement was entered into, plaintiffs in this action (collectively, "SPRAWLDEF") filed a petition for writ of administrative mandate in California state court. The petition alleges that the City entered into the

2

settlement agreement and stipulated judgment in violation of the Brown Act, which requires open meetings before local government agencies take certain actions. Cal. Gov't Code §§ 54950 *et seq.* The City removed the action to federal court, and SPRAWLDEF sought to join the Tribe as a defendant.

"Because they are sovereign entities, Indian tribes are immune from unconsented suit in state or federal court." *McClendon v. United States*, 885 F.2d 627, 629 (9th Cir. 1989). However, a tribe consents to a court's exercise of jurisdiction by initiating a lawsuit. *Id.* at 630. When a tribe seeks an equitable decree, it "assume[s] the risk that any equitable judgment secured could be modified if warranted by changed circumstances." *United States v. Oregon*, 657 F.2d 1009, 1015 (9th Cir. 1981). That is, when a tribe consents to a court's continued exercise of jurisdiction to enforce the terms of an equitable order, it also consents to the court's jurisdiction over suits seeking to modify or set aside that order. *See id.*

The Tribe here expressly consented to the district court's continued exercise of jurisdiction to enforce the terms of the stipulated judgment. In so doing, it consented to the court's jurisdiction over suits seeking to modify it or set it aside. SPRAWLDEF's suit seeks to void the settlement and resulting judgment, set aside any City actions taken pursuant to the judgment, and require the City to comply

with the Brown Act in future deliberations. The complaint does not specify any other remedies sought against the Tribe. The suit therefore falls within the scope of the Tribe's waiver of sovereign immunity in the settlement agreement and stipulated judgment.

The Tribe also argues that this case is moot because in an open meeting the City has recently approved an amended final judgment in the prior litigation. We are unable to decide on the limited record before us whether SPRAWLDEF's suit is moot. The Tribe is free to make this argument to the district court in the first instance.

**AFFIRMED.**

4