NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILVERWING AT SANDPOINT, LLC, an Idaho limited liability company, | Nos. 15-35589, 16-35296, 17-35051 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:12-cv-00287-EGL |
| BONNER COUNTY, an Idaho municipal corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted October 2, 2017
Portland, Oregon

Before: PAEZ and BEA, Circuit Judges, and LAMBERTH**, District Judge.

In April 2006, Plaintiff SilverWing at Sandpoint, LLC ("SilverWing")

purchased 18.1 acres of land abutting an airport operated by Idaho's Bonner County

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Royce C. Lamberth, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

("the County"), on which SilverWing planned to build a 45-unit development of personal airplane hangars and residences. When the Federal Aviation Administration ("FAA") placed the airport in noncompliance status due in part to SilverWing's plans for the development, construction on the development was significantly delayed. SilverWing filed this lawsuit against the County to recover damages caused by the delay. SilverWing alleged claims for breach of the covenant of good faith and fair dealing, taking without just compensation (via 42 U.S.C. § 1983), violation of equal protection (also via § 1983); and promissory estoppel. The district court granted the County's motion for summary judgment on all but the promissory estoppel claim, which it remanded to state court. SilverWing appealed. After filing its notice of appeal, SilverWing filed in the district court a Fed. R. Civ. P. 60(b)(6) motion to reconsider the judgment, which the district court denied. SilverWing appealed that ruling as well as the district court's order awarding the County costs and attorney's fees. For the following reasons, we affirm all of the district court's rulings except the denial of SilverWing's Rule 60(b)(6) motion, which we dismiss for lack of jurisdiction.

1. SilverWing's state law claim for breach of the covenant of good faith and fair dealing is preempted by federal law. The FAA preempts the fields of "aviation safety," *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007), and "aircraft operations," *Burbank-Glendale-Pasadena Airport Auth. v. City of Los Angeles*, 979

2

F.2d 1338, 1340 (9th Cir. 1992). When the County's airport was found to be in noncompliance by the FAA, due to specific safety and operations concerns with SilverWing's development, the FAA required the County to implement a Corrective Action Plan ("CAP"). The CAP included limiting future residential access to the airport and pursuing alternatives to the current "through-the-fence" arrangements, which allowed airplanes to access the municipal airport from SilverWing's land. It was not the County which frustrated SilverWing's plans; it was the FAA. Thus, SilverWing's claim is preempted.

2.     SilverWing's claims under 42 U.S.C. § 1983 fail. Although the County, in voting to submit a new Airport Layout Plan ("ALP") to the FAA, took official action to ensure the airport's compliance with federal law, the "moving force" behind the action was the FAA's requirement that the County change the airport's ALP. Thus, the challenged conduct was not pursuant to any County "policy or custom" and cannot serve as the basis for a § 1983 lawsuit. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

3.     The district court did not abuse its discretion by denying SilverWing's Rule 60(b)(6) motion to reconsider the judgment. Rule 62.1 authorizes district courts to deny a timely filed motion for relief under Rule 60(b)(6) that is barred by a pending appeal, as was the case here when the motion was filed. The denial of such a motion

3

is not appealable and, if appealed, is subject to dismissal under *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984). Thus, we dismiss.

**4.**      The district court did not abuse its discretion by awarding Rule 54(d)(1) costs and attorney's fees to the County. The County is a "prevailing party" within the meaning of Rule 54(d)(1) because it obtained a judgment with respect to all of SilverWing's claims except the one ultimately remanded to state court. *San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009). As such, it is entitled to costs unless SilverWing can show why a cost award would be "inappropriate or inequitable." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). No such showing has been made here. Furthermore, the "through-the-fence" agreement between the parties provided that attorney's fees were to be awarded to the party deserving of costs in any action brought "to enforce" the agreement. Because the § 1983 claims were brought, at least in part, to enforce the "through-the-fence" agreement, it was not error for the court to award fees also for those claims.

**AFFIRMED IN PART; DISMISSED IN PART.**