NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, | No. 17-16644 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-00344-RFB-NJK |
| v. | MEMORANDUM[*] |
| INTELIGENTRY, LTD; et al., | |
| Defendants, | |
| and | |
| JOHN P. ROHNER, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted January 28, 2019[**]

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

John P. Rohner appeals pro se from the district court's summary judgment in

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a civil enforcement action brought by the Securities and Exchange Commission ("SEC") alleging violations of federal securities laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on the SEC's claims under § 5(a) and (c) of the Securities Act of 1933 ("Securities Act") because there is no genuine dispute of material fact as to whether Rohner sold unregistered securities in interstate commerce. Also, Rohner failed to show that the securities were exempt from registration. *See* 15 U.S.C. § 77e(a), (c) (prohibiting the offer or sale of an unregistered security in interstate commerce); *CMKM Diamonds*, 729 F.3d at 1255 (elements of a prima facie case for a violation of § 5).

The district court properly granted summary judgment on the SEC's claims under § 17(a)(1) of the Securities Act, § 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 because the SEC demonstrated that Rohner knowingly or recklessly made material misstatements or omissions in connection with the offer or sale of securities in interstate commerce. *See* 15 U.S.C. § 77q(a)(1) (prohibiting the use of "any device, scheme, or artifice to defraud" in connection with the offer or sale of any security); 15 U.S.C. § 78j(b) (prohibiting any deceptive practice in connection with the purchase or sale of any security); 17 C.F.R. § 240.10b–5(b) (prohibiting material misrepresentations in connection with the purchase or sale of

17-16644

a security); *SEC v. Phan*, 500 F.3d 895, 907–08 (9th Cir. 2007) (elements of § 17(a), § 10(b), and Rule 10b–5 violations); *see also SEC v. Dain Rauscher*, 254 F.3d 852, 856 (9th Cir. 2001) ("*Scienter* is satisfied by recklessness." (citation omitted)).

The district court correctly exercised its discretion in granting a permanent injunction against Rohner because the evidence patently showed "a reasonable likelihood of future violations of the securities laws." *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980); *see also SEC v. Fehn*, 97 F.3d 1276, 1295–96 (9th Cir. 1996) (setting forth standard of review and factors relevant to "predicting the likelihood of future violations" including "the degree of scienter involved" and "the defendant's recognition of the wrongful nature of his conduct" (citation omitted)).

The district court correctly exercised its discretion in adopting the SEC's disgorgement figure because the SEC met its initial burden to show that the figure "reasonably approximates the amount of unjust enrichment" and Rohner failed to bear his burden to show otherwise. *SEC v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) (further noting that a "district court has broad equity powers to order the disgorgement of ill-gotten gains obtained through the violation of the securities laws." (citation omitted)).

Rohner's challenges to the district court's preliminary injunction are moot

17-16644

because Rohner does not challenge any provision incorporated into the district court's permanent injunction. *See Burbank–Glendale–Pasadena Airport Auth. v. City of Los Angeles*, 979 F.2d 1338, 1340 n.1 (9th Cir. 1992) ("Once an order of permanent injunction is entered, the preliminary injunction merges with it and appeal may be had only from the order of permanent injunction.").

The district court correctly exercised its discretion by invoking its inherent equitable power to appoint a receiver. *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (standard of review); *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) (discussing federal court's authority to appoint a receiver in SEC actions to enforce federal securities laws).

We reject as without merit Rohner's contentions that he was entitled to a jury trial. *See In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) ("[A] summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial.").

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**