**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZACHARY ROSENBAUM, | No.22-16863 |
| *Plaintiff-Appellee*, | D.C. No. 5:20-cv-04777-NC |
| v. | |
| CITY OF SAN JOSE; BRET HATZENBUHLER, SAN JOSE POLICE DEPARTMENT SERGEANT; HYMEL DUNN, RYAN FERGUSON, FRANCISCO VALLEJO, GARY ANDERSON, SAN JOSE POLICE DEPARTMENT OFFICERS, | OPINION |
| *Defendants-Appellants*, | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted February 8, 2024
San Francisco, California

Filed July 11, 2024

Before: Ryan D. Nelson, Danielle J. Forrest, and Gabriel
P. Sanchez, Circuit Judges.

Opinion by Judge Sanchez

# SUMMARY[*]

## Excessive Force/Qualified Immunity/Police Dogs

The panel affirmed the district court's denial of qualified immunity to City of San Jose police officers in an action alleging that the officers used excessive force when they deployed a police dog that allegedly bit plaintiff Zachary Rosenbaum for more than twenty seconds after he had surrendered and lay prone on his stomach with his arms outstretched.

The panel noted that in its limited interlocutory review, it viewed the facts in the light most favorable to Rosenbaum unless they were blatantly contradicted by the record, including the video evidence in this case. Contrary to defendants' contention on appeal, bodycam video from the arrest did not contradict, and generally supported, Rosenbaum's allegation that while he lay on his stomach "in full surrender with his hands stretched out and surrounded by all named defendants with their firearms trained on him," the police dog "was allowed to continue biting [him] for over 20 seconds, before being pulled away." At a minimum, whether the officers acted reasonably in permitting the police dog to hold the bite for its duration under these circumstances was a triable question to be decided by a jury. Further, this Circuit's caselaw clearly establishes that officers violate the Fourth Amendment when they allow a police dog to continue biting a suspect who has fully surrendered and is under officer control.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Fulvio F. Cajina (argued), Law Office of Fulvio F. Cajina, Oakland, California; Stanley C. Goff, Stanley Goff, San Francisco, California; for Plaintiff-Appellee.

Kendra E. McGee (argued), Senior Deputy City Attorney; Maren J. Clouse, Chief Deputy City Attorney; Ardell Johnson, Assistant City Attorney; Nora Frimann, City Attorney; Office of the City Attorney, San Jose, California; for Defendant-Appellants.

**OPINION**

SANCHEZ, Circuit Judge:

During the arrest of plaintiff Zachary Rosenbaum, officers of the San Jose Police Department deployed a police dog that allegedly bit him for more than twenty seconds after he had surrendered and lay prone on his stomach with arms outstretched. Rosenbaum sued the City of San Jose and several officers involved in the arrest under 42 U.S.C. § 1983, alleging that Defendants' excessive force violated the Fourth Amendment and resulted in severe lacerations and permanent nerve damage to his arm. Defendants now appeal the district court's denial of their motion for summary judgment based on qualified immunity.

On interlocutory review, we view the facts in the light most favorable to Rosenbaum unless they are "blatantly contradicted" by video evidence. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). Contrary to Defendants' contention on appeal, bodycam video from the arrest does not contradict, and generally supports, Rosenbaum's allegation

that while he lay on his stomach "in full surrender with his hands stretched out and surrounded by all named Defendants with their firearms trained on him," the police dog "was allowed to continue biting [him] for over 20 seconds, before being pulled away."  At a minimum, whether the officers acted reasonably in permitting the police dog to hold the bite for its duration under these circumstances is a triable question to be decided by a jury.  Further, our caselaw clearly establishes that officers violate the Fourth Amendment when they allow a police dog to continue biting a suspect who has fully surrendered and is under officer control.  Accordingly, we affirm the denial of qualified immunity.

## I.

On the evening of September 10, 2019, San Jose police responded to a domestic violence report at Rosenbaum's partner's home.  The arrest team included Sergeant Bret Hatzenbuhler; canine Officer Hymel Dunn and his police dog "Kurt;" and Officers Ryan Ferguson, Francisco Vallejo, and Gary Anderson.  Officer Dunn testified that no other officer on the scene was trained in handling Kurt.[1]  Prior to the officers entering the house, Rosenbaum's partner told them that Rosenbaum was under the influence of alcohol or

---

[1] Although Officer Dunn was the only officer in charge of the police dog and trained to control him, the district court held that there was a material dispute of fact as to whether Sergeant Hatzenbuhler and Officers Anderson, Ferguson, and Vallejo were "integral participants" in Officer Dunn's use of excessive force and therefore also potentially subject to liability.  *See Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004) (Officers may be liable for a Fourth Amendment violation under the "integral participation analysis," which "does not require that each officer's actions themselves rise to the level of a constitutional violation.").  Because Defendants do not challenge the district court's integral participant determination on appeal, we do not address it.

narcotics and that he had previously owned firearms, but she believed they were destroyed in a fire.[2]

After announcing their presence, Officer Dunn released Kurt into the first floor of the house to search for Rosenbaum, and officers entered the home soon thereafter. Officers cleared the first floor and then positioned themselves at the bottom of a stairwell leading to the second story, with firearms drawn and pointed upward. Rosenbaum was at the top of the second story landing, wearing a tank top and sweatpants. Sergeant Hatzenbuhler testified that the officers had no reason to believe that anyone else was upstairs with him. Over the next six minutes, officers instructed Rosenbaum that he was under arrest and commanded him to come down the stairs and surrender. Rosenbaum did not comply and repeatedly questioned why he was under arrest. During this exchange, officers warned Rosenbaum that if he did not come down the stairs, a police dog would be sent upstairs and would bite him.

Approximately nine minutes after officers entered the home, Officer Dunn released Kurt and Officer Ferguson simultaneously fired a stun bag.[3] Officers ascended the stairs in single formation and apprehended Rosenbaum near the second-floor landing. As officers approached Rosenbaum, he was found unarmed and seated with his back against the wall and Kurt biting his right forearm.

---

[2] Rosenbaum's partner also told officers that Rosenbaum had fought with police in a prior domestic violence incident and that he was trained in mixed martial arts and boxing. Officers could not confirm whether the allegations were true. Rosenbaum denies these claims.

[3] The parties agree that approximately 43 seconds elapsed between the time Officer Dunn deployed Kurt to the time he commanded the dog to release Rosenbaum.

Rosenbaum alleges that "Officer Dunn deployed his police K-9 to attack and bite [him] even though [Rosenbaum] had his hands visibly raised in a surrender position, was not armed, was not trying to evade arrest, and had posed no threat to the officers." Rosenbaum further alleges "that *after* the K-9 was deployed to bite [Rosenbaum], and while [Rosenbaum] was laying on his stomach in full surrender with his hands stretched out and surrounded by all named Defendants with their firearms trained on him, that the K-9 was allowed to continue biting [him] for over 20 seconds, before being pulled away."

Bodycam video of the arrest generally supports Rosenbaum's allegations. As officers reached the second-floor landing, Rosenbaum can be seen seated with his back against the wall and Kurt biting his right forearm. The video does not show any resistance by Rosenbaum, and indeed Officer Dunn testified that Rosenbaum did not attempt to strike or kick the officers, punch the police dog, use threatening language, or flee the scene at any point during the encounter. Approximately five seconds after officers reached the second floor, Kurt dragged Rosenbaum onto his stomach. The bodycam video shows Rosenbaum sliding down without resistance as Officer Dunn says "good boy." At least one officer's gun is drawn and pointed at Rosenbaum. Another officer stands on Rosenbaum's legs as Rosenbaum yells out for his partner and says, "he's bleeding me out." The video then shows one officer holding Rosenbaum's left arm behind his back while Kurt pulls Rosenbaum's right arm above his head, and a third officer planting his foot on Rosenbaum's right shoulder. Kurt continued to pull Rosenbaum's arm over his head, giving one last forceful shake before Officer Dunn commanded the dog to let go of Rosenbaum's arm. In short, the video

evidence supports Rosenbaum's allegation that a police dog bit him for more than twenty seconds after he had surrendered and lay prone on his stomach with arms outstretched.

Rosenbaum was taken to the hospital for treatment of multiple puncture wounds and lacerations. He required several surgeries and claims he has permanent damage to his arm. He was later charged with two counts of felony assault by means of force likely to produce great bodily injury pursuant to California Penal Code § 245(a)(4), to which he pled no contest and served 90 days in jail, with other conditions.

## II.

Defendants appeal from the denial of their motion for summary judgment. Normally, a pretrial order is not an appealable final order, but "[w]e may . . . review orders denying qualified immunity under the collateral order exception to finality." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (citing *Plumhoff v. Rickard*, 572 U.S. 765, 771-73 (2014)). The scope of our review, however, is "circumscribed." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam) (quoting *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013)). Defendants "may not immediately appeal 'a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial.'" *Id.* (quoting *Johnson v. Jones*, 515 U.S. 304, 307 (1995) (emphasis in original)). In other words, "[a]ny decision by the district court that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *George*, 736 F.3d at 834 (cleaned up). Instead, we must consider only "whether

the defendant would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012).

We review the district court's denial of qualified immunity de novo. *See Est. of Aguirre v. County of Riverside*, 29 F.4th 624, 627 (9th Cir. 2022). Where factual disputes exist as to the objective reasonableness of an officer's conduct, the case cannot be resolved at summary judgment on qualified immunity grounds. *See Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) ("Where the objective reasonableness of an officer's conduct turns on disputed issues of material fact, it is a question of fact best resolved by a jury." (cleaned up)). We must affirm the district court's denial of qualified immunity if, resolving all factual disputes and drawing all inferences in Rosenbaum's favor, Defendants' conduct (1) violated a constitutional right (2) that "was clearly established at the time of the officer[s'] alleged misconduct." *Est. of Aguirre*, 29 F.4th at 627 (citation omitted).

"A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (citation omitted). Law enforcement officers "are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (citation omitted). Although there need not be a Supreme Court or circuit case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (citation omitted).

The constitutional right at issue in this appeal has been clearly established by our precedents. A police officer violates the Fourth Amendment when he or she allows a police dog to continue biting a suspect who has fully surrendered and is under officer control.[4] *See Mendoza v. Block*, 27 F.3d 1357 (9th Cir. 1994); *Watkins v. City of Oakland*, 145 F.3d 1087 (9th Cir. 1998); *Miller v. Clark County*, 340 F.3d 959 (9th Cir. 2003). In *Mendoza*, we held that "no particularized case law is necessary for a deputy to know that excessive force has been used when a deputy sics a canine on a handcuffed arrestee who has fully surrendered and is completely under control." 27 F.3d at 1362.

We reaffirmed in *Watkins* that an officer violates clearly established law by allowing a police dog to continue biting a suspect after the suspect's surrender, even when the suspect is not handcuffed. 145 F.3d at 1090, 1093. In *Watkins*, a police officer responded to a silent alarm at a commercial warehouse and released a police dog to locate the plaintiff. *Id.* at 1090. The police dog found the plaintiff hiding under a car and bit him. *Id.* Upon arriving on the scene, the officer did not call the dog off and instead ordered the plaintiff to show his hands. *Id.* Recoiling from the dog bite, the plaintiff could not comply with the order and the dog continued biting him for ten to thirty more seconds. *Id.* On interlocutory review, we affirmed the district court's denial of qualified immunity, holding that the plaintiff had adequately alleged a constitutional violation where the officer "continued to allow [the dog] to bite him even though he was obviously helpless and surrounded by police officers with their guns drawn." *Id.* at 1090, 1094. Further, we

---

[4] Whether the officers were permitted to *deploy* the police dog in the first instance is not at issue in this appeal.

explained that "it was clearly established that [the] excessive duration of the bite and improper encouragement of a continuation of the attack by officers could constitute excessive force that would be a constitutional violation." *Id.* at 1093; *see Hernandez v. Town of Gilbert*, 989 F.3d 739, 745 (9th Cir. 2021) (reaffirming that *Watkins* clearly established "that an officer cannot direct a police dog to continue biting a suspect who has fully surrendered and is under the officer's control").

On the other hand, we have concluded that an officer does not act unreasonably in deploying a police dog to detain a suspect where the officer releases the dog from its bite as soon as he determines that the suspect is unarmed. *See Miller*, 340 F.3d at 960–61. In *Miller*, a sheriff's deputy deployed a police dog to locate a potentially armed suspect who had fled into dense, dark, wooded property. *Id.* Approximately one minute after the dog was released, the deputy heard the plaintiff scream, and the deputy immediately ran towards the sound. *Id.* at 961. Because of the dark terrain, it took the deputy between forty-five and sixty seconds to arrive at the location. *Id.* Although the plaintiff sustained serious injuries from the prolonged dog bite, we concluded that the force used was not excessive. *Id.* at 961, 968. Central to our analysis was the fact that the deputy had "commanded [the police dog] to release Miller as soon as [the deputy] determined that Miller was unarmed," and the dog promptly let go of Miller. *Id.* at 961, 967 n.12.

Rosenbaum has adequately alleged a constitutional violation that was clearly established at the time of Defendants' alleged misconduct. Rosenbaum alleges that Defendants allowed the police dog Kurt to continue biting him for more than twenty seconds after he had fully

surrendered and was under officer control. Rosenbaum alleges that he was not trying to evade arrest or flee, and "was laying on his stomach in full surrender" with his hands outstretched and officers surrounding him with their firearms pointed at him. The bodycam video shows that Rosenbaum did not resist when Kurt pulled him onto his stomach, nor did Rosenbaum fight with officers or attempt to get up or escape. Officer Dunn similarly testified that Rosenbaum did not strike or kick the officers, punch the police dog, use threatening language, or flee the scene at any point during the period in which he was bitten. The bodycam video also supports Rosenbaum's contention that he was under officer control over that twenty-second interval, with at least one officer pointing his firearm at Rosenbaum, another officer standing on Rosenbaum's legs, and a third officer planting his foot on Rosenbaum's right shoulder.

Resolving all factual disputes and drawing all inferences in Rosenbaum's favor, a reasonable jury could find that Defendants exceeded the force reasonably necessary to effectuate an arrest by allowing Kurt to continue biting Rosenbaum for more than twenty seconds after he had fully surrendered and was under officer control. Accepting Rosenbaum's version of events, Kurt continued to bite him even as he was in an "obviously helpless" situation, lying prone with arms outstretched, multiple officers immobilizing his arms and legs, and another officer pointing a firearm at him. *See Watkins*, 145 F.3d at 1090, 1093. And unlike *Miller*, Officer Dunn did not immediately release Kurt from the bite as soon as he determined that Rosenbaum was unarmed. *See* 340 F.3d at 967 n.12. The video instead shows Kurt continuing to bite Rosenbaum for more than twenty seconds after Defendants reached Rosenbaum near

the second-floor landing and he slid down onto his stomach in a prone position.

Defendants' contention that the law was not clearly established under the circumstances of this appeal is in actuality a challenge to the sufficiency of the evidence. Defendants argue that "[t]here was no clear indication that Rosenbaum was surrendering" or that he was sufficiently under their control.  In our limited interlocutory review, however, we view the facts in the light most favorable to Rosenbaum unless they are "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott*, 550 U.S. at 380.  Far from contradicting his allegations, the video and record evidence generally supports Rosenbaum's excessive force claims.  At a minimum, whether the officers acted reasonably in allowing the police dog to continue biting Rosenbaum is a question for the jury.  *See Johnson*, 515 U.S. at 307, 313 (holding that on interlocutory appeal from the denial of summary judgment based on qualified immunity, appellate courts lack jurisdiction to review "whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial.").

It was clearly established at the time of Rosenbaum's arrest that an officer violates a suspect's right to be free from excessive force under the Fourth Amendment when the officer allows a police dog to continue biting the suspect after the suspect has fully surrendered and is under officer control.  *See Watkins*, 145 F.3d at 1090, 1093; *Mendoza*, 27 F.3d at 1362; *Miller*, 340 F.3d at 961, 967 n.12.  Viewing the factual allegations in the light most favorable to Rosenbaum, a reasonable jury could find that Rosenbaum had fully surrendered and was under officer control when he lay on his stomach with his arms outstretched, was not actively resisting arrest or attempting to get up or flee, and where

officers had immobilized his arms and legs and were pointing their firearm at him. A reasonable officer in Officer Dunn's position would know that allowing a police dog to continue biting Rosenbaum for an extended period of time after he had surrendered in this way is a violation of clearly established law.

**AFFIRMED**.