NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VANESSA VELASCO ORTEGA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ISAIAH HOLLOWAY, an individual and employee of the Okanogan County Sheriff's Office, <br><br> Defendant - Appellant, <br><br> and <br><br> COUNTY OF OKANOGAN, a municipal corporation, OKANOGAN COUNTY SHERIFF'S OFFICE, <br><br> Defendants. | No. 24-4930 <br><br> D.C. No. 2:22-cv-00195-TOR <br><br> MEMORANDUM[*] |
| VANESSA VELASCO ORTEGA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ISAIAH HOLLOWAY, <br><br> Defendant - Appellee. | No. 24-5499 <br><br> D.C. No. 2:22-cv-00195-TOR |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted July 10, 2025
Seattle, Washington

Before: McKEOWN, PAEZ, and SANCHEZ, Circuit Judges.

Isaiah Holloway and Vanessa Velasco Ortega cross-appeal from the district court's order granting in part and denying in part Holloway's motion for summary judgment. Holloway encountered Velasco Ortega in the course of his duties as a Deputy Police Officer for the Okanogan County Sheriff's Office, before engaging her in a months-long sexual relationship. Velasco Ortega alleges that Holloway made inappropriate advances, suggestively threatening her with law enforcement and giving her tips to avoid police with full knowledge that she was addicted to methamphetamines and involved in other criminal activity. She filed a complaint against Holloway and the Okanogan County Sheriff's Office under 42 U.S.C. § 1983,[1] claiming that Holloway had violated her Fourth Amendment rights against unlawful seizure and her Fourteenth Amendment rights to equal protection and substantive and procedural due process.[2] Holloway asserted qualified immunity in

---

[1] Okanogan County Sheriff's Office was dismissed as a defendant after filing an unopposed motion.

[2] Velasco Ortega also brought state law claims for civil conspiracy, loss of consortium, and violation of the Washington Law Against Discrimination (WLAD). After Holloway moved for summary judgment, the district court

his motion for summary judgment, which the court partially granted for Velasco Ortega's Fourth Amendment claim and Fourteenth Amendment claims for due process. However, the court denied Holloway's motion with respect to Velasco Ortega's equal protection claim, reasoning that there were material factual disputes as to whether Holloway was acting under the color of state law and had violated Velasco Ortega's equal protection right to be free from sexual harassment.

We review de novo the district court's decision to grant a motion for summary judgment and apply the same standard to qualified immunity determinations arising from that motion. *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020). On this appeal from summary judgment, we view the evidence in the light most favorable to Velasco Ortega, the non-moving party, in determining whether Holloway is entitled to judgment as a matter of law. *Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017). Where there are genuine issues of material fact that could be resolved in favor of either party, summary judgment is improper. *Updike v. Multnomah Cnty.*, 870 F.3d 939, 947 (9th Cir. 2017) (citations omitted). We affirm in part and dismiss in part.

To the extent that Holloway's appeal challenges the district court's identification of triable issues of fact—namely, whether he was acting under the

---

dismissed the civil conspiracy and loss of consortium claims, but denied Holloway's motion with respect to the alleged WLAD violation. None of these claims are at issue on this appeal.

color of state law, whether he could have arrested Velasco Ortega for criminal activity, and whether Velasco Ortega could consent to sex while high on methamphetamines—we dismiss for lack of jurisdiction. Our scope of review is "circumscribed" in appeals from pretrial determinations on qualified immunity, *Rosenbaum v. City of San Jose*, 107 F.4th 919, 923–24 (9th Cir. 2024) (citation omitted), because the collateral order doctrine permitting those kinds of interlocutory appeals does not include "*fact*-related dispute[s] about the pretrial record," *Johnson v. Jones*, 515 U.S. 304, 307 (1995).

Here, the district court recited several evidentiary details that could lead "a fact finder" or "reasonable person" to conclude that Holloway was acting under the color of state law, from "[Velasco Ortega's] allegation that Defendant Holloway was in his uniform and OCSO vehicle when the two initially met for sex," to "her continued drug use." The court also identified aspects of the record that "leave room for doubt as to whether [Velasco Ortega] fully consented to the relationship," particularly surrounding "her involvement with illegal activities" and heavy drug use throughout the course of their relationship. These are precisely the kinds of "question[s] of 'evidence sufficiency'" that we cannot review on interlocutory appeal. *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam) (quoting *Johnson*, 515 U.S. at 313).

We also dismiss Velasco Ortega's cross-appeal from the district court's

determination that Holloway was entitled to qualified immunity on her substantive due process claim. Although we retain jurisdiction over an appeal from the denial of qualified immunity under the collateral order doctrine, we lack jurisdiction over the partial grant of summary judgment on qualified immunity grounds. *George v. Morris*, 736 F.3d 829, 840 n.15 (9th Cir. 2013) (en banc) (first citing *LaTriest Rest. & Cabaret, Inc. v. Vill. Of Port Chester*, 96 F.3d 598, 599 (2d Cir. 1996) (per curiam); then citing *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000)). We can exercise pendent appellate jurisdiction over otherwise nonappealable rulings "if the rulings are inextricably intertwined with, or necessary to ensure meaningful review of, decisions that are properly before the court on interlocutory appeal." *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 (9th Cir. 2007) (citation omitted). However, Velasco Ortega's cross-appeal from the district court's substantive due process determination does not meet this "inextricably intertwined" standard. She has not put forth legal theories that are "so intertwined that we must decide the pendent issue in order to review the claims properly raised on interlocutory appeal." *Cunningham*, 229 F.3d at 1285 (citation omitted). Nor is it the case that "resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue." *Id.*

We affirm, then, only with respect to the district court's determination that material factual disputes preclude Holloway's entitlement to qualified immunity on

Velasco Ortega's equal protection claim. In ascertaining whether public officials have exceeded the protections of qualified immunity, we ask if "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Hart v. City of Redwood City*, 99 F.4th 543, 548 (9th Cir. 2024) (citations omitted).

With respect to the first prong, "[t]he Equal Protection Clause requires the State to treat all similarly situated people equally." *Hartmann v. Cal. Dep't. of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 439 (1985)). Here, Velasco Ortega has plausibly alleged that "[Holloway] acted with an intent or purpose to discriminate against [her] based upon" her status as a woman to whom he was sexually attracted—by strategically declining to exercise his authority as a law enforcement officer, sexually predating on Velasco Ortega, or some combination of the two. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation omitted). The facts are disputed with respect to Holloway's conduct, Velasco Ortega's drug-induced state, and the claim that Holloway would give Velasco Ortega tips to avoid law enforcement in undertaking other illegal activities. But at this pre-trial stage, we must construe the record in the light most favorable to Velasco Ortega.

The Fourteenth Amendment's "direction that all persons similarly situated

should be treated alike" has specifically been held to proscribe Holloway's sexually motivated pursuit and alleged harassment of Velasco Ortega. *Sampson v. Cnty. of L.A. ex rel. L.A. Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1022–23 (9th Cir. 2020) (citations omitted). There is ample evidence that Holloway abused his authority to make unwanted advances and sexually coerce a woman whom he knew to be a drug addict. Though Holloway claims that Velasco Ortega consented to his overtures, the district court found material disputes of fact surrounding whether she could consent while high on meth and whether she fully consented to the sexual relationship given her involvement in illegal activities and her belief that she was being manipulated by Holloway.

These alleged violations of Velasco Ortega's equal protection rights are also "clearly established" in our precedent. We have long held that "[t]he right to non-discriminatory administration of protective services is clearly established" and that "investigation and arrest are protective services." *Elliot-Park v. Manglona*, 592 F.3d 1003, 1008 (9th Cir. 2010); *see also Est. of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) ("There is a constitutional right . . . to have police services administered in a nondiscriminatory manner."). In *Sampson*, when we addressed a similar situation where a public official providing social services sexually harassed a woman, we also explicitly held that "[s]exual harassment violates the Equal Protection Clause because, by definition, it is 'motivated by gender.'" *Sampson*,

974 F.3d at 1023 (citation omitted). Though Holloway protests that our September 2020 holding in *Sampson* post-dates the conduct alleged in this case, Velasco Ortega's testimony indicates that their sexual relationship lasted until "late in the year of 2020," creating yet another material dispute of fact. Thus, we affirm the district court's denial of summary judgment on Velasco Ortega's equal protection claim—not only as to the allegation that he declined to investigate her criminality "with an intent or purpose to discriminate," *Thornton*, 425 F.3d at 1166 (citation omitted), but also because he may have sexually harassed her (or worse) after that constitutional violation was established in law, *Sampson*, 974 F.3d at 1022–24.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, DISMISSED in part.**