**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONNIE PARHAM,<br><br>          Plaintiff - Appellee,<br><br>  v.<br><br>NICHOLAS ROBLES, Officer No. 451;<br>CARLOS GONZALEZ, Officer No. 444;<br>ABEL HERNANDEZ, Officer No. 395;<br>MATTHEW MUNOZ, Officer No. 445,<br><br>          Defendants - Appellants. | No. 24-5205<br><br>D.C. No.<br>2:21-cv-09114-FLA-GJS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted November 21, 2025
Pasadena, California

Before: BERZON, N.R. SMITH, and MILLER, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge MILLER.

West Covina Police Department officers, Nicholas Robles, Carlos Gonzalez,

Abel Hernandez, and Matthew Munoz (collectively, "WCPD Officers"), appeal

from the district court's denial of summary judgment based on qualified immunity

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in this 42 U.S.C. § 1983 action.  We review the district court's order de novo, "assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor."  *Peck v. Montoya*, 51 F.4th 877, 884–85 (9th Cir. 2022) (citation omitted).  We affirm.

1.  On an interlocutory appeal from the denial of qualified immunity, we have jurisdiction "to resolv[e] a defendant's purely legal contention that his or her conduct did not violate the Constitution and, in any event, did not violate clearly established law."  *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (citation modified).  In such a procedural stance, we generally "lack jurisdiction" over arguments that "the evidence is insufficient to raise a genuine issue of material fact."  *Id.*  The court may, however, "view[] the facts in the light depicted by" video evidence for purposes of qualified immunity if the plaintiff's version of the event is "blatantly contradicted" or "utterly discredited" by the video evidence.  *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Based on video evidence, the WCPD Officers ask this court to overturn the district court's determination that there are genuine issues of fact as to whether Parham evaded or resisted arrest and as to the level of force used by the WCPD Officers.  But having reviewed the video evidence, we conclude that it is unclear as to the evasion and force issues, and so not within *Scott*'s "blatantly contradicted" exception.  We therefore "view the facts in the light most favorable" to Parham on

each of his § 1983 claims. *Rosenbaum v. City of San Jose*, 107 F.4th 919, 922 (9th Cir. 2024).

2. We affirm the district court's denial of qualified immunity to the WCPD Officers on Parham's excessive force claim. Parham maintains that he was not evading arrest by driving safely for less than a minute to his grandfather's house after having initially pulled over. The WCPD Officers do not dispute that, after Parham pulled over, he complied with all commands up until being handcuffed and did not threaten the arresting officers. Parham and his sister testified that while handcuffing him, the officers forcefully pulled Parham upwards and slammed him to the ground, where he was then kicked, punched, kneed, and struck with a baton violently for a minute and a half. The district court held that the evidence raised a genuine issue of material fact as to whether Parham had attempted to flee or resist arrest.

Resolving all factual disputes in favor of Parham, the constitutional question is whether the use of force on Parham when he was not resisting arrest was excessive. A reasonable jury could find that the use of force was excessive based on the factors we outlined in *Rice v. Morehouse*, 989 F.3d 1112, 1121 (9th Cir. 2021). We have previously stated that similar conduct, when applied to an individual who is "unarmed, posed no threat to anyone, and w[as] not engaged in any criminal activity," would constitute sufficient force to permit a jury to

reasonably conclude it was excessive. *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019); *Blankenhorn v. City of Orange*, 485 F.3d 463, 479–80 (9th Cir. 2007). This constitutional violation was clearly established at the time. *See Nicholson*, 935 F.3d at 691; *Rice*, 989 F.3d at 1125–1126.[1] We therefore affirm the denial of qualified immunity on the excessive force claim.

3. We also affirm the district court's denial of qualified immunity to the WCPD Officers on Parham's claim for unlawful arrest. The WCPD Officers predicate their probable cause on a violation of Cal. Vehicle Code Section 2800.1(a), which requires that, to be held criminally liable, an individual must have an "intent to evade" a pursuing police officer in a motor vehicle. Where a party claims that they were subject to an unlawful arrest or detention, the qualified immunity analysis asks "(1) whether there was probable cause for the arrest; and (2) whether it is *reasonably arguable* that there was probable cause for arrest." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (emphasis in original).

Parham contends that he was not evading arrest by continuing to drive safely to his grandfather's house after having initially pulled over and then fully

---

[1] The WCPD Officers fail to present any argument as to how the district court erred in denying summary judgment on the failure to intervene claim. Therefore, the claim is waived. *Tri-Valley Cares v. United States Dept. of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012).

complying with all commands given to him. Whether there is probable cause for an arrest "depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer *at the time of the arrest.*" *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (emphasis added). The district court held that a reasonable jury could conclude at the time of the arrest, "the Officer Defendants did not reasonably suspect Plaintiff [had been] evading or resisting arrest." Resolving all factual disputes in favor of Parham, we agree that the WCPD Officers lacked probable cause to arrest Parham, thereby committing a constitutional violation sufficient for the first step of the qualified immunity analysis.

As to second step, accepting Parham's version of events, it is not "reasonably arguable" that at the time of the arrest, the officers could have reasonably concluded that they had probable cause to believe that Parham had intentionally evaded arrest. He pulled over briefly and then drove in a controlled manner to his nearby grandfather's house. Once there, over a period of four minutes, he fully complied will all officer commands. Accepting these facts as true, the WCPD Officers could not reasonably conclude that they had probable cause to believe Parham acted at any point with an "intent to evade" arrest, as required by Cal. Vehicle Code Section 2800.1(a). *Rosenbaum*, 663 F.3d at 1076.

4. We affirm the district court's denial of qualified immunity to the WCPD Officers on Parham's claim for malicious prosecution. "A police officer who

maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports." *Blankenhorn*, 485 F.3d at 482. Parham alleges that, after he was arrested without probable cause, Officers Hernandez and Munoz filed false reports indicating that Parham "attempted to flee when abruptly standing up during handcuffing and thereafter resisted arrest," and that these false reports resulted in his prosecution. Accepting Parham's version of events, these actions amount to a violation of Parham's constitutional rights. Further, the Ninth Circuit has clearly established that it is a constitutional violation for an officer to cite a suspect based on a knowingly false report while aware that a prosecutor would rely on the report to file charges. *See Blankenhorn*, 485 F.3d at 480–84 (reversing summary judgment finding on malicious prosecution claim and finding that qualified immunity did not apply).

5. We affirm the district court's denial of qualified immunity to the WCPD Officers on Parham's illegal search claim. Parham asserts that the officers lacked authority to undertake a warrantless search of his vehicle for evidence because (1) there was no basis for believing there was evidence of a crime in the vehicle, *United States v. Rodgers*, 656 F.3d 1023, 1028 (9th Cir. 2011) (citing *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010)); (2) there was no basis for a search incident to arrest because Parham was out of the car handcuffed at the time of the search and so had no access to anything in the car, *id.* at 1024 (citing *Arizona v.*

*Gant*, 556 U.S. 332, 351 (2009)); and (3) the officers did not present evidence in the district court that they complied with the necessary protocols for conducting an inventory search, *United States v. Caseres*, 533 F.3d 1064, 1074–75 (9th Cir. 2008).  Resolving these disputes in Parham's favor, the district court held that a jury could conclude the officers conducted an unconstitutional search of Parham's vehicle.  For purposes of qualified immunity on appeal, the lack of compliance with any standard permitting a warrantless search is a constitutional violation clearly established by Ninth Circuit and Supreme Court precedent.  *Rodgers*, 656 F.3d at 1024 (citing *Carroll*, 267 U.S. 132, 160–62 (1925); and *California v. Carney*, 471 U.S. 386, 390 (1985)).

6.  We affirm the district court's denial of qualified immunity to the WCPD Officers on Parham's claim for deliberate indifference to Parham's medical needs. It is undisputed that Parham was injured during his arrest, and that Officer Robles, Officer Gonzalez, and Sergeant Hernandez transported him to the hospital. Parham testified that he did not refuse medical treatment.

The parties do not dispute that the three officers who had taken him to the hospital transported him from the hospital to the police station with the knowledge that he had yet to receive medical treatment.  The district court held that a "reasonable jury could determine Officers Hernandez, Robles, and Gonzalez prevented Plaintiff from being treated at the hospital in violation of his Fourteenth

Amendment right." Resolving all factual disputes in favor of Parham, the WCPD Officers violated Parham's right to receive medical treatment by removing him from the hospital and taking him to the police station. And we have clearly established that a government official cannot deny, delay, or intentionally interfere with medical treatment. *See Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 679 (9th Cir. 2021); *see also Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002).

**AFFIRMED.**

*Parham v. Robles*, No. 24-5205

MILLER, Circuit Judge, concurring in part and dissenting in part:

I join the court's disposition except as to part 3. I agree that the defendant officers are not entitled to qualified immunity on the claims for excessive force, unlawful search, malicious prosecution, and deliberate indifference. But I would reverse the district court's denial of qualified immunity on the claim for unlawful arrest.

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). The standard "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014).

The officers arrested Parham for violating California Vehicle Code section 2800.1(a), which provides for the punishment of "[a]ny person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle." Parham does not dispute that after seeing the flashing lights on a marked police car, he pulled over and came to a brief stop, only to pull away again and drive off. At that moment, the

1

officers had probable cause to believe that he had violated the statute. Of course, they lacked direct evidence that he had "the intent to evade." But intent can be inferred from circumstantial evidence, and the officers could reasonably have inferred it from his driving away after stopping. *See People v. Johnson*, 243 Cal. Rptr. 3d 586, 614 (Ct. App. 2019).

Parham emphasizes that his flight soon came to an end when he stopped near his grandfather's house and submitted to arrest. But that does not show that he lacked an intent to evade when he first drove away. If he had such an intent, the offense was completed at that moment, and a later change of heart would not undo it, or else no one could ever be guilty of violating section 2800.1(a) as long as he eventually surrendered. Nor does it matter that Parham drove in a controlled manner and under the speed limit—that, too, is consistent with an intent to violate section 2800.1(a). (Just ask O.J. Simpson.)

To be sure, the officers *could* have accepted Parham's explanation for his actions. But the Supreme Court has emphatically rejected the suggestion that a court assessing probable cause can "dismiss outright any circumstances that [are] susceptible of innocent explanation." *District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018) (internal quotation marks omitted). Instead, the question before us is "whether a reasonable officer could conclude—considering all of the surrounding circumstances, including the plausibility of the explanation itself—that there was a

'substantial chance of criminal activity.'" *Id.* (quoting *Gates*, 462 U.S. at 244 n.13). A reasonable officer could have concluded exactly that.

Even if we were to determine that the officers lacked probable cause, that would not be sufficient to deny qualified immunity. Officers are entitled to qualified immunity unless they violated a constitutional right *and* the right was "clearly established at the time." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). "The 'clearly established' standard . . . requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him." *Wesby*, 583 U.S. at 63. That standard demands "a high 'degree of specificity,'" and the Supreme Court has "stressed that the 'specificity' of the rule is 'especially important in the Fourth Amendment context.'" *Id.* at 63–64 (quoting *Mullenix v. Luna*, 577 U.S. 7, 12–13 (2015) (per curiam)).

Neither Parham nor the court identifies any case establishing that the officers lacked probable cause in these circumstances. They cite no cases involving section 2800.1(a) or any similar statute; instead, they cite only cases setting out the general standard of probable cause. Those cases do not come close to placing "the lawfulness of the *particular* arrest 'beyond debate.'" *Wesby*, 583 U.S. at 64 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)) (emphasis added).